Chief Donald H. Warshaw City of Miami Post Office Box 016777 Miami, Florida 33101
Dear Chief Warshaw:
Your predecessor in office asked for my opinion on substantially the following question:
Is an identification technician an "assistant" for purposes of s.790.25(3)(d), Florida Statutes (1993), exempting him or her from the licensing and penal provisions of Chapter 790, Florida Statutes (1993).
In sum:
An identification technician is not an "assistant" within the scope of s. 790.25(3)(d), Florida Statutes (1993), and is not exempted thereby from the licensing and penal provisions of Chapter 790, Florida Statutes (1993).
The open carrying of weapons is generally prohibited by section790.053, Florida Statutes (1993). Section 790.01, Florida Statutes (1993), provides criminal penalties for carrying concealed firearms and other weapons. The Legislature has designated a procedure to license persons to carry concealed weapons in section790.06, Florida Statutes (1993).
Section 790.25(3), Florida Statutes, states that "[t]he provisions of ss. 790.053 and 790.06 do not apply in the following instances, and, despite such sections, it is lawful for the following persons to own, possess, and lawfully use firearms and other weapons, ammunition, and supplies for lawful purposes[.]"[1] Included among those enumerated in this section are:
(d) Sheriffs, marshals, prison or jail wardens, policemen, Florida highway patrolmen, game wardens, revenue officers, forest officials, special officers appointed under the provisions of chapter 354, and other peace and law enforcement officers and their deputies and assistants and full-time paid peace officers of other states and of the Federal Government who are carrying out official duties while in this state[.] (e.s.)
Thus, your question is whether an information technician, whose primary responsibilities are related to the processing of civilian and criminal identification records and other police records,[2]
would be an "assistant" within the scope of section 790.25(3)(d), Florida Statutes (1993).
Section 790.001(8), Florida Statutes (1993), defines "[l]aw enforcement officer" to mean:
(a) All officers or employees of the United States or the State of Florida, or any agency, commission, department, board, division, municipality, or subdivision thereof, who have authority to make arrests; (b) Officers or employees of the United States or the State of Florida, or any agency, commission, department, board, division, municipality, or subdivision thereof, duly authorized to carry a concealed weapon; (c) Members of the Armed Forces of the United States, the organized reserves, state militia, or Florida National Guard, when on duty, when preparing themselves for, or going to or from, military duty, or under orders; (d) An employee of the state prisons or correctional systems who has been so designated by the Department of Corrections or by a superintendent of an institution; (e) All peace officers; (f) All State Attorneys and United States Attorneys and their respective assistants and investigators.
Thus, included within the definition of "law enforcement officer" are employees of the local, state and federal governments who are authorized by their official positions to make arrests or carry concealed weapons.
Section 790.25, Florida Statutes (1993), specifically states that its provisions are supplemental to existing rights to bear arms guaranteed by Florida law and court decisions.[3] Thus, the statute supplements existing rights to bear arms but does not independently authorize the use, possession, or ownership of firearms in the absence of such authority granted elsewhere.
In Attorney General's Opinion 84-77 this office addressed whether investigators with the Division of Insurance Fraud of the Depart-ment of Insurance were independently authorized by Chapter 790, Florida Statutes, to carry firearms or other weapons in the performance of their duties. The investigators were granted the power to make arrests for criminal violations established as a result of their authorized investigations, and the general laws applicable to arrests by peace officers were applicable to such investigators.[4] These investigators were authorized to execute arrest warrants and search warrants, serve subpoenas, and arrest upon probable cause without a warrant.[5] However, the statute that granted these investigators such sweeping arrest powers specif-ically provided that "[i]nvestigators empowered to make arrests under this section shall not be empowered to carry firearms or other weapons in the performance of their duties."[6]
This office concluded that, despite the fact that these investigators possessed the power of arrest, they did not fall within the scope of the term "law enforcement officer" for purposes of Chapter 790, Florida Statutes. To come within the scope of the definition of a law enforcement officer under s. 790.001(8)(a), Florida Statutes, the opinion determined, arrests must be made for the purposes of ch. 790, F.S., and that chapter only. Finally the opinion noted that section 790.25(4), Florida Statutes, provides that this section is supplemental and in addition to existing rights to bear arms guaranteed by law and court decisions. Thus, no independent right to own, possess, and use firearms was granted by section 790.25, Florida Statutes, which would have empowered investigators for the Division of Insurance Fraud to carry firearms in the performance of their duties.
Applying the same rationale to the situation you have presented, I cannot say that anyone designated an "assistant" who is employed by a law enforcement agency is authorized by section 790.25(3)(d), Florida Statutes, to carry a weapon in the absence of independent authority for them to do so. The purpose of this statute appears to be to authorize a limited number of people to possess and carry firearms during the performance of their official law enforcement related duties.[7] To read the statute in a manner that would authorize all personnel employed by a law enforcement agency in the apacity of an "assistant" to carry firearms would not promote the limited nature of this exemption from licensure and criminal sanctions.
Therefore, it is my opinion that an identification technician whose primary responsibility is to process and maintain criminal identification and other police records is not an "assistant" as that term is used in section 790.25(3)(d), Florida Statutes (1993), which would exempt him or her from the licensing and penal provisions of Chapter 790 at all times when on-duty and engaging in official business.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] And see, s. 790.051, Fla. Stat. (1993), ("Law enforcement officers are exempt from the licensing and penal provisions of this chapter when acting at any time within the scope or course of their official duties or when acting at any time in the line of or performance of duty."); and s. 790.052, Fla. Stat. (1993), authorizing off-duty law enforcement officers to carry concealed firearms at the discretion of their superior officers.
[2] You have supplied the job description of three related positions: identification aide; identification technician I; and identification technician II. These positions escalate in job responsibility but appear to have as their central element the preparation, identification and maintenance of fingerprint and other police records.
[3] Section 790.25(4), Florida Statutes (1993).
[4] Section 626.989(7), Florida Statutes (1983).
[5] Id.
[6] Supra, at n. 4.
[7] See, section 790.25(1), Florida Statutes (1994), stating the declaration of policy for enactment of this statute; and section790.25(3), Florida Statutes (1994), which describes those persons who are authorized to own, possess, and lawfully use firearms in carrying out their official duties.